IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13–cv–02265–RBJ–KMT

MORRIS CHASE,

     Plaintiff,

v.

BANK OF NEW YORK,
MERS,
BANK OF AMERICA, N.A.,
MARIE BARCLAY,
CASTLE STAWIARSKI, LLC,
ALLISON L. BERRY, and
DOES 1 to 10, inclusive

     Defendants.

_____

## AMENDED ORDER AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE
_____

**Magistrate Judge Kathleen M. Tafoya**

     This case comes before the court on "Defendants Castle Stawiarski, LLC and Alison L.

Berry['s] Motion to Dismiss Plaintiff's Second Amended Complaint Pursuant to Fed. R. Civ. P.

12(b)(6)" (Doc. No. 15 [Castle Defts.' Mot.], filed Sept. 18, 2013).  Plaintiff filed his response

on September 26, 2013 (Doc. No. 20 [Resp. Castle Defts.' Mot.), and the Castle Defendants filed

their reply on October 10, 2013 (Doc. No. 23 [Castle Defts.' Reply]).  Defendants Bank of New

York, MERS, Bank of America, N.A., and Marie Barclay ("Bank Defendants") joined in the

Castle Defendants' Motion to Dismiss.  (*See* Doc. No. 17.)

Also before the court is "Defendant Marie Barclay's Motion to Dismiss Plaintiff's Complaint" (Doc. No. 18 [Barclay's Mot.], filed Sept. 12, 2013), to which Plaintiff filed his response on September 26, 2013 (Doc. No. 21 [Resp. Barclay's Mot.]), and Defendant Barclay filed her reply on October 15, 2013 (Doc. No. 24 [Barclay's Reply]).

These motions are ripe for recommendation and order.

## BACKGROUND

On August 1, 2013, Plaintiff filed his Complaint in Adams County Combined Court alleging, among other things, that the defendants have failed to comply with the Fourteenth Amendment to the United States Constitution, the Truth and Lending Act ("TILA"), the Colorado Consumer Protection Act, and have committed fraud upon the court. (*See generally* Doc. No. 4 [Compl.].)

Pursuant to 28 U.S.C. §§ 1331, 1367, 1441 and 1446, Defendants removed the case to this Court on August 22, 2013.  (Doc. No. 1.)  The Castle Defendants move to dismiss on the bases that (1) Plaintiff is not the real party in interest to pursue the claims; (2) Plaintiff has failed to comply with Federal Rules of Procedure 8 and 9; and (3) Plaintiff's substantive claims have no merit and are contrary to well-established law.  (*See* Castle Defts.' Mot.)  The Bank Defendants, including Defendant Barclay, join in the Castle Defendants' Motion.  (Doc. No. 17.) Additionally, Defendant Barclay moves to dismiss under Federal Rule of Procedure 12(b)(4) for insufficient process and 12(b)(2) for lack of personal jurisdiction.  (*See* Barclay's Mot.)

## ANALYSIS

### 1.     Claims Related to Foreclosure Proceedings

The Castle Defendants argue that Plaintiff's claims must be dismissed because Plaintiff is not the real party in interest under Federal Rule of Procedure 17(a) as a result of his bankruptcy filing in 2012.  (Castle Defts.' Mot. At 3–5.)  Federal Rule of Civil Procedure 17(a) mandates that "[a]n action must be prosecuted in the name of the real party in interest."  Fed. R. Civ. P. 17(a)(1).  When a plaintiff files for bankruptcy, a bankruptcy estate is created and the bankruptcy trustee gains control over all "property of the estate," including "all legal or equitable interest of the debtor in property as of the commencement of the [bankruptcy] case."  11 U.S.C. § 541(a).  Claims and causes of action belonging to the debtor at the time of the filing of the bankruptcy petition are "property" of the bankruptcy estate.  11 U.S.C. § 554(c); *Sender v. Simon,* 84 F.3d 1299, 1305 (10th Cir. 1996).  Further, "[u]nless the court orders otherwise, property of the estate that is not abandoned . . . and that is not administered in the case remains property of the estate."  11 U.S.C. § 554(d).

In his Complaint, Plaintiff alleges "[t]he conduct that gives rise to the claims for relief contained in this Complaint began in 2005 and continues through the present."  (Compl., ¶ 31.) Plaintiff's claims relate almost entirely to the foreclosure proceedings, including the hearing under Colorado Rule of Civil Procedure 120, on real property at 9945 Helena Street, Commerce City, Colorado 80022.  (*See* Compl.)  Defendant Castle Stawiarski, LLC, on behalf of Bank of New York as Trustee for the Certificateholders CWABS, Inc. Asset-Backed Certificates, Series 2005-11 ("BONY"), initiated the foreclosure action with the Adams County Public Trustee

("Public Trustee"), in which BONY provided the Public Trustee with a Statement of Qualified

Holder pursuant to C.R.S. § 38-38-100.3(20)(f).[1]   (*See* Castle Defts.' Mot., Ex. C.)  On October

21, 2011, BONY moved for an Order Authorizing Sale pursuant to Rule 120.  (*See id.*, Ex. D.)

The Adams County Court issued an Order Authorizing Sale on January 13, 2012.  (*See id.*)

Plaintiff filed his Chapter 7 bankruptcy on January 31, 2012.  (*See* Castle Defts.' Mot., Ex. E.)

Within the schedules required to be filed along with his bankruptcy petition, Plaintiff did not

disclose any potential legal claims against any party.  (*See id.*, Ex. E at 20, ¶ 21.)  Plaintiff

received an order of discharge on May 16, 2012, and the Bankruptcy Trustee filed a Report of

No Distribution on October 9, 2012.   (*See id.*, Ex. F.)  The Bankruptcy Court accepted the

trustee's report and closed Plaintiff's bankruptcy case on November 13, 2012.  (*See id.*, Ex. F.)

---

[1]Generally, if the court considers matters outside the pleadings, the court must convert a motion to dismiss into a motion for summary judgment.  *See* Fed. R. Civ. P 12(d); *Utah Gospel Mission v. Salt Lake City Corp.*, 425 F.3d 1249, 1253 (10th Cir. 2005).  A court may, however, appropriately consider matters that are subject to judicial notice without having to treat a motion to dismiss as a motion for summary judgment.  *See Tal v. Hogan*, 453 F.3d 1244, 1265 n.24 (10th Cir. 2006)(noting that "facts subject to judicial notice may be considered in a Rule 12(b)(6) motion without converting the motion to dismiss into a motion for summary judgment.") (citations omitted).  Matters subject to judicial notice include facts "capable of accurate and ready determination by resort to sources whose accuracy cannot be reasonably questioned." F.R.E. 201.  For purposes of considering the Castle Defendants' Motion to Dismiss, the court will take judicial notice of the documents filed in with the Adams County Public Trustee in the foreclosure action and the Register of Actions in the foreclosure action.  The court also will take judicial notice of the statements and schedules Plaintiff filed in his bankruptcy case for purposes of determining what causes of action, if any, were scheduled or otherwise disclosed therein as assets of the estate.  *In re Winslow,* 186 B.R. 716, 721 (D. Colo. 1995) (citing *St. Louis Temple, Inc. v. FDIC,* 605 F.2d 1169, 1172 (10th Cir. 1979)) (court properly may take judicial notice of its own records and those of other courts.).

It is clear from the chronology of events in this case and the documents submitted with the defendants' motion that Plaintiff was well-aware of any claims he may have had against the defendants related to the foreclosure and Rule 120 hearing before he filed his bankruptcy petition.  In fact, Plaintiff concedes in his response that "[t]he facts will plainly show that the Defendants['] actions caused the Bankruptcy, and subsequent events."  (Resp. Castle Defts.' Mot. at 2.)  However, Plaintiff did not schedule his causes of action against the defendants anywhere in his bankruptcy papers.  A cause of action that was never listed in a debtor's bankruptcy schedules and not administered by the trustee is not abandoned to the debtor, but instead remains property of the estate, even after the case is closed.  *See Anderson v. Acme Markets, Inc.*, 287 B.R. 624, 629 (E.D. Pa. 2002)(stating that "an unscheduled cause of action . . . remains property of the estate") (citing *Calabrese v. McHugh*, 170 F. Supp. 2d 243, 256 (D. Conn. 2001) (stating that "[a] cause of action is part of the estate even if the debtor failed to schedule the claim in his petition" and concluding that "claims not abandoned by the trustee under [sections 554(a) and 554(b) ] remain part of the estate even after closure of the bankruptcy case, and the debtor loses all rights to those claims in his own name") (citing 11 U.S.C. § 554(d)).  Thus, all of Plaintiff's pre-petition causes of action he alleges against the defendants arising from the foreclosure action and/or the mortgage and note which were the subject of the foreclosure action constitute property of bankruptcy estate even though the bankruptcy case is closed.  Because these claims constitute property of the bankruptcy estate, the Chapter 7 trustee is the real party in interest with exclusive standing to assert the claims.  *Wieberg v. GTE Southwest Inc.*, 272 F.3d 302, 306 (5th Cir. 2001) (holding that "[b]ecause the claims are

5

property of the bankruptcy estate, the Trustee is the real party in interest with exclusive standing to assert them.") (citations omitted).

Nevertheless, although Plaintiff is not the real party in interest with respect to the claims asserted in this action, dismissing these claims at this time would not be appropriate. Federal Rule of Civil Procedure 17(a)(3) provides: "The court may not dismiss an action for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action." *See also Bath v. RJM Acquisitions LLC*, No. 12-cv-03228-RBJ-KMT, 2013 WL 3296603, at *1 (D. Colo. July 1, 2013); *Gilman v. Target Corp.,* No. 09-cv-00669-ZLW-KMT, 2009 WL 4611474, at *3 (D. Colo. Dec. 1, 2009). At this time, it does not appear the Trustee has been notified of this action. Accordingly, the court must allow the Trustee a reasonable amount of time to ratify, join, be substituted, or take other action with respect to the claims before dismissing them due to Plaintiff's lack of standing.

## 2.     *Claim for Fraud*

The only claim in Plaintiff's Complaint that does not relate to the foreclosure action is his claim that Defendants Bank of America and Defendant Marie Barclay committed mail fraud. (*See* Compl., ¶ 31.)  Defendants argue that Plaintiff's fraud claim does not meet the heightened pleading standards for fraud claims under Federal Rule of Civil Procedure 9(b).

It appears Plaintiff wishes to assert a claim for mail fraud under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), § 18 U.S.C. § 1962(c). " 'Racketeering activity' is defined in 18 U.S.C. § 1961(1)(B) as any 'act which is indictable' under federal law and

specifically includes mail fraud, wire fraud and racketeering.  These underlying acts are 'referred

to as predicate acts, because they form the basis for liability under RICO.' "  *Tal*, 453 F.3d at

1261 (quoting *BancOklahoma Mortgage Corp. v. Capital Title Co.*, 194 F.3d 1089, 1100 (10th

Cir. 1999)).

"To establish the predicate act of mail fraud, [the plaintiff] must allege (1) the existence

of a scheme or artifice to defraud or obtain money or property by false pretenses, representations

or promises, and (2) use of the United States mails for the purpose of executing the scheme."

*Tal*, 453 F.3d at 1263 (quotation omitted).

> Actionable fraud consists of (1) a representation; (2) that is false; (3) that is
> material; (4) the speaker's knowledge of its falsity or ignorance of its truth; (5)
> the speaker's intent it be acted on; (6) the hearer's ignorance of the falsity of the
> representation; (7) the hearer's reliance; (8) the hearer's right to rely on it; and (9)
> injury.  Failure to adequately allege any one of the nine elements is fatal to the
> fraud claim.

*Id.* (internal quotation and alterations omitted).  "[A] plaintiff asserting fraud must also identify

the purpose of the mailing within the defendant's fraudulent scheme and allege facts that give

rise to a strong inference of fraudulent intent."  *Kashelkar v. Rubin & Rothman*, 97 F. Supp. 2d

383, 393 (S.D.N.Y. 2000) (citation omitted).

The particularity requirement of Federal Rule of Civil Procedure 9(b) applies to claims of

mail fraud.  *Id.*  That rule provides specifically, "In all averments of fraud or mistake, the

circumstances constituting fraud or mistake shall be stated with particularity.  Malice, intent,

knowledge, and other condition of mind of a person may be averred generally."  Fed. R. Civ. P.

9(b).  "Thus, a complaint alleging fraud must set forth the time, place and contents of the false

7

representation, the identity of the party making the false statements and the consequences thereof." *Tal*, 453 F.3d at 1263 (quotation and alteration omitted). "A plaintiff asserting fraud must also identify the purpose of the mailing within the defendant's fraudulent scheme." *Id.* (quotation omitted).

Plaintiff has not adequately pleaded the elements of mail fraud. Plaintiff only vaguely alleges that "[i]n February 2013, Defendant Bank of America and Defendant Marie Barclay, essentially clouded the title by using the U.S. Mail to commit fraud, by stating the original note for the second mortgage was sent to Plaintiff" to "clear[ ] the way to make the foreclosure sale on the property more attractive for investors." (Compl., ¶ 31.) Plaintiff's Complaint lacks specific allegations regarding the exact time, place, and content of the alleged fraud. Plaintiff has not alleged what documents or communications were sent, how they were sent, to whom they were sent, the contents of the documents or communications, or how the documents or communications were fraudulent. *See Kashelkar*, 97 F. Supp. 2d at 393 (allegations giving no particulars about what were the alleged statements, who made them, when and where they were made, what role they played in the scheme, or any facts which give rise to an inference of fraudulent intent" failed to satisfy pleading requirements of a RICO claim) (citation omitted). Mail fraud is not committed simply by sending false statements through the mail. Instead, the mails must have been used to further a scheme to defraud or obtain money or property through false pretenses. *Atlas Pile Driving Co. v. DiCon Financial Co.*, 886 F.2d 986, 991 (8th Cir. 1989). General allegations that the mails were used in connection with and in furtherance of the enterprise are insufficient to meet the particularity requirements of Rule 9(b). *In Re Sattler's*, 73

8

B.R. at 786 (citation omitted).  Plaintiff's allegations are insufficient to meet the requirements

that a RICO claim based on fraud be stated with particularly.  Therefore, Plaintiff's claim for

mail fraud properly is dismissed for failure to state a claim.

 **WHEREFORE**, for the foregoing reasons, the court respectfully

 **RECOMMENDS** that "Defendants Castle Stawiarski, LLC and Alison L. Berry['s]

Motion to Dismiss Plaintiff's Second Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(6)"

(Doc. No. 15) be **DENIED** in part and **GRANTED** in part as follows:

 1. The motion to dismiss Plaintiff's claims related to the foreclosure action and/or

the mortgage and note which were the subject of the foreclosure action should be

**DENIED** at this time.  The court further **RECOMMENDS** that the Bankruptcy

Trustee in Bankruptcy Case No. 12-11701-EEB be given thirty days to ratify,

join, or be substituted into this action, pursuant to Fed R. Civ. P. 17(a)(3).  The

court further **RECOMMENDS** that if the Bankruptcy Trustee does not seek to

ratify, join, or be substituted into this proceeding as a party plaintiff, the court

dismiss all of the remaining claims, asserted against all defendants, related to the

foreclosure action and/or the mortgage and note which were the subject of the

foreclosure action without prejudice for Plaintiff's lack of standing;

 2. The motion to dismiss Plaintiff's mail fraud claim should be **GRANTED**

pursuant to Fed. R. Civ. P. 12(b)(6).

The court further

**RECOMMENDS** that "Defendant Marie Barclay's Motion to Dismiss Plaintiff's Complaint" (Doc. No. 18) pursuant to Fed. R. Civ. P. 12(b)(4) for insufficient process and 12(b)(2) for lack of personal jurisdiction be **DENIED** without prejudice as premature, with leave to re-file if and when the bankruptcy trustee has elected an appropriate course of action (i.e. ratification, joinder or substitution).

The court further

**ORDERS** that the Clerk of Court shall send a copy of this Recommendation to Counsel for the United States Trustee at the following address:

> Alan K. Motes
> Trial Attorney for the U.S. Trustee
> 999 18th Street, Suite 1551
> Denver, CO 80202

The court further

**ORDERS** that this case is **STAYED** until further order of the court, and the Scheduling Conference set for November 14, 2013, is **VACATED**.

## ADVISEMENT TO THE PARTIES

Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the district court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's

report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Prop. Known As 2121 East 30th Street, Tulsa, Okla.*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the district judge of the magistrate judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (a district court's decision to review a magistrate judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *One Parcel of Real Prop.*, 73 F.3d at 1059-60 (a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review); *Int'l Surplus Lines Ins. Co. v. Wyo. Coal Ref. Sys., Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the magistrate judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the magistrate judge's ruling); *but see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

Dated this 6th day of November, 2013.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge

11