IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge R. Brooke Jackson

Civil Action No 13-cv-02265-RBJ-KMT

MORRIS CHASE,

     Plaintiff,

v.

BANK OF NEW YORK,

     Defendant.

---

## ORDER ADOPTING THE REPORT AND RECOMMENDATION AND GRANTING APPLICANT'S MOTION TO SUBSTITUTE

---

This case is before the Court on defendants' motions to dismiss [ECF Nos. 15 and 18] and Magistrate Judge Tafoya's accompanying Amended Report and Recommendation [ECF No. 28]. There is also a pending motion to substitute for the plaintiff filed by the Trustee in Mr. Chase's pending bankruptcy case. [ECF No. 31.] The Court agrees with the defendants and Judge Tafoya that Mr. Chase is not the real party in interest, and that while Mr. Chase brings one claim—for mail fraud—that is not the property of the bankruptcy estate, this allegation fails to state a claim and must be dismissed. Therefore the Court adopts the entirety of Judge Tafoya's Report and Recommendation. The Court also grants the Trustee's motion to substitute and dismisses Mr. Chase from the case.

I.      **Factual Background**

Mr. and Ms. Chase executed a promissory note and accompanying deed of trust securing a debt on August 16, 2005.  [ECF No. 15, Exs. A and B.][1]  Defendant Castle Stawiarski, LLC ("Castle") later initiated foreclosure proceedings on the property securing the debt.  [ECF No. 15, Ex. C.]  As part of these proceedings, Castle began a Rule 120 Proceeding seeking an order authorizing sale of the property.  [ECF No. 15, Ex. D.]

Mr. Chase filed for bankruptcy on January 31, 2012.  [ECF No. 15, Ex. E (Bankruptcy Petition No. 12-11701-EEB).]  In that petition, Mr. Chase did not disclose any potential legal claims against any party.  *Id.* at 20, ¶ 21.  Mr. Chase was discharged from the bankruptcy proceedings on May 16, 2012, the Trustee filed a Report of No Distribution on October 9, 2012, and the Bankruptcy Court accepted the report and closed the case on November 13, 2012.  [ECF No. 15, Ex. F.]

In February 2013, after the close of Mr. Chase's bankruptcy case, Marie Barclay, an Assistant Vice President for a subsidiary of Bank of America, executed a Release of Deed of Trust on the second deed of trust on the encumbered property.  Ms. Barclay also sent the Release to the Adams County Public Trustee who executed the Release and recorded it in the country property records.  [ECF No. 18, Ex. 1, 2.]  Mr. Chase alleges that these actions, "essentially clouded the title by using the U.S. Mail to commit fraud, by stating the original note for the second mortgage was sent to Plaintiff" though Mr. Chase claims he never received it.  He

---

[1] As the defendants and Judge Tafoya explain, the Court may consider the attached documents without converting this motion into one for summary judgment.  *Tal v. Hogan*, 453, F.3d 1244, 1265 n.24 (10th Cir. 2006) (noting that "facts subject to judicial notice may be considered in a Rule 12(b)(6) motion without converting the motion to dismiss into a motion for summary judgment"); *In re Winslow*, 186 B.R. 716, 721 (D. Colo. 1995) (citing *St. Louis Temple, Inc. v. FDIC*, 605 F.2d 1169, 1172 (10th Cir. 1979)) (stating that a court may take judicial notice of its own records and those of other courts).

theorizes that "Defendants are clearing the way to make the foreclosure sale on the property more attractive for investors."  [ECF No. 4, ¶ 30.]

**II.**     **Procedural Background**

Mr. Chase filed his initial claims against the defendants in Adams County Combined Court on August 1, 2013.  Most of his allegations sprung out of the foreclosure proceedings, including perceived violations of the Fourteenth Amendment of the U.S. Constitution, the Truth and Lending Act ("TILA"), the Colorado Consumer Protection Act ("CCPA"), and fraud on the court.  [ECF No. 4.]  He also alleged that in February 2013, defendants Bank of America and Marie Barclay committed mail fraud in connection with their mailing of documents related to the mortgage.  *Id.* ¶ 30.

The defendants removed the case to federal court on August 22, 2013 pursuant to 28 U.S.C. §§ 1331, 1367, 1441, and 1446.  [ECF No. 1.]  Defendants Castle Stawiarski, LLC, and Allison Berry ("Castle Defendants") moved to dismiss on the grounds that (1) Mr. Chase is not the real party in interest to pursue pre-petition claims; (2) Mr. Chase has failed to plead his claims with the specificity required by Federal Rules of Civil Procedure 8 and 9; (3) and Mr. Chase's substantive claims lack merit.  The other defendants joined that motion to dismiss. [ECF No. 17.]  Ms. Barclay also moved separately to dismiss for insufficient process and lack of jurisdiction under Federal Rule 12(b)(2) and (4).

Judge Tafoya reviewed the motions and the pleadings and recommended that the Court grant the motion to dismiss Mr. Chase's mail fraud allegations for failure to state a claim.  [ECF No. 28.]  She concluded that the remainder of Mr. Chase's claims arose before he filed bankruptcy, and his failure to list them during his bankruptcy proceedings meant that they remained the property of the bankruptcy estate.  As a result, the Trustee, not Mr. Chase, is the

real party in interest to bring the claims related to the foreclosure.  Rather than dismissing the case for lack of standing, Judge Tafoya recommended giving the Trustee a reasonable amount of time to join the action or substitute for Mr. Chase.  Mr. Chase objected to Judge Tafoya's recommendations, claiming that he received "[im]proper legal advice" during the bankruptcy, and that he sufficiently pleaded his fraud claim "by inference."  [ECF No. 30.]  He also suggested that an opportunity to amend the complaint could "repair any defects."  *Id.*  The Trustee, Cynthia Skeen, subsequently filed a motion to substitute for Mr. Chase on December 3, 2013.  [ECF No. 31.]

### III.   <u>Discussion</u>

Following the issuance of a magistrate judge's recommendation on a dispositive matter the district court judge must "determine *de novo* any part of the magistrate judge's disposition that has been properly objected to."  Fed. R. Civ. P. 72(b)(3).  The district judge is permitted to "accept, reject, or modify the recommended disposition; receive further instruction; or return the matter to the magistrate with instructions."  *Id.*  When a magistrate judge issues an order on a non-dispositive pretrial matter, "[t]he district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law."  Fed. R. Civ. P. 72(a).

In reviewing a motion to dismiss, the Court must accept the well-pleaded allegations of the complaint as true and construe them in plaintiff's favor.  However, the facts alleged must be enough to state a claim for relief that is plausible, not merely speculative.  *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555, 570 (2007).  A plausible claim is a claim that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft*

*v. Iqbal,* 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009).  Allegations that are purely conclusory need not be assumed to be true.  *Id.* at 1951.

Because Mr. Chase represents himself *pro se*, the Court "review[s] his pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys."  *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted).  However, a *pro se* litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based."  *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir.1991).

### a. <u>Mr. Chase is Not the Real Party in Interest for his Foreclosure-Related Claims.</u>

Mr. Chase is not the real party in interest for claims relating to the foreclosure action.  As a result, he cannot prosecute those claims, although the Trustee as the real party in interest may choose to do so.

Federal Rule of Civil Procedure 17(a) requires that "[a]n action must be prosecuted in the name of the real party in interest."  Fed. R. Civ. P. 17(a)(1).  A person who files for bankruptcy transfers his or her property to the bankruptcy estate, including "all legal or equitable interest of the debtor in property as of the commencement of the [bankruptcy] case."  11 U.S.C. § 541(a)(1).  This definition "includes causes of action belonging to the debtor at the commencement of the bankruptcy case."  *Sender v. Simon*, 84 F.3d 1299, 1305 (10th Cir. 1996).  "The bankruptcy code imposes a duty upon a debtor to disclose all assets, including contingent and unliquidated claims.  That duty encompasses disclosure of all legal claims and causes of action, pending or potential, which a debtor might have."  *Eastman v. Union Pac. R. Co.*, 493 F.3d 1151, 1159 (10th Cir. 2007) (citation omitted).  Whatever property is not abandoned or

administered by the trustee during the bankruptcy proceedings "remains property of the estate." 11 U.S.C. § 554(d).

"The debtor need not know all the facts or even the legal basis for the cause of action; rather, if the debtor has enough information . . . prior to confirmation to suggest that it may have a possible cause of action, then that is a 'known' cause of action such that it must be disclosed." *In re Coastal Plains, Inc.*, 179 F.3d 197, 208 (5th Cir. 1999), *cert. denied*, 120 U.S. 936 (2000) (quoting *Union Carbide Corp. v. Viskase Corp. (In re Envirodyne Indus., Inc.)*, 183 B.R. 812, 821 n.17 (Bankr. N.D. Ill. 1995). "When the bankruptcy action is closed, properly scheduled assets not otherwise administered revert to the debtor through abandonment under 11 U.S.C. § 554(c)." *Clark v. Trailiner Corp.*, No. 00-5020, 2000 WL 1694299, at *1 (10th Cir. Nov. 13, 2000) (unpublished) (internal quotation marks omitted). Assets not properly scheduled, however, "remain property of the bankruptcy estate." *Id.* "As a result, the debtor loses all rights to enforce any unscheduled legal claim in his own name." *Id.*

Judge Tafoya notes that Mr. Chase's allegations "relate almost entirely to the foreclosure proceedings." [ECF No. 28 at 3.] The events comprising the foreclosure proceedings culminated in the Adams County Court's Order Authorizing Sale on January 13, 2012. Two weeks later, Mr. Chase filed his bankruptcy petition. Yet nowhere in his bankruptcy schedules did he list any potential legal claims. I agree with Judge Tafoya that Mr. Chase was "well-aware" that he might have legal claims against these defendants at the time he filed for bankruptcy. [ECF No. 28 at 5.] It also appears that Mr. Chase admits in his response to the motion to dismiss that he was aware that the foreclosure might have caused whatever legally cognizable injury he seeks to remedy with this lawsuit. [ECF No. 20 at 2 ("The facts will plainly show that the Defendants actions caused the Bankruptcy, and subsequent events.").] This is not

to say that Mr. Chase knowingly or intentionally misrepresented his assets in the bankruptcy court.  I am willing to assume that, as a lay person, he did not realize that his claim against the Bank of New York was an asset of his bankruptcy estate.  Nevertheless, Mr. Chase is not the real party in interest to bring these claims.  Rather they remain the property of his bankruptcy estate, and the Trustee is the proper party to prosecute them.

Federal Rule of Civil Procedure 17(a)(3) counsels caution when a court considers dismissing a claim filed by someone other than the real party in interest: "The court may not dismiss an action for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action."  Fed. R. Civ. P. 17(a)(3).  The Trustee, Cynthia Skeen, filed a motion to substitute after Judge Tafoya issued her recommendation.  Because the Trustee is the real party in interest with regard to Mr. Chase's pre-bankruptcy petition claims, I grant the motion to substitute and dismiss Mr. Chase from the case with regard to those claims.  *Cf. Clementson v. Countrywide Fin. Corp.*, 464 F. App'x 706, 712 (10th Cir. 2012) (unpublished) (upholding a district court's holding that a plaintiff's "failure to list his causes of action in his bankruptcy petition divested him of standing to pursue them in the underlying litigation").

### b. <u>Mr. Chase's Fraud Claims Do Not Satisfy Rule 9(b).</u>

Mr. Chase also brings one claim that could not have been part of the bankruptcy estate because the facts giving rise to this claim occurred after the closing of the bankruptcy case. Paragraph 30 of the complaint appears to allege a civil claim for mail fraud against Bank of America and Ms. Barclay based on actions they took in February 2013.  [ECF No. 4, ¶ 30.]  I agree that this claim does not meet the heightened pleading standards of Federal Rule of Civil Procedure 9(b) and it must be dismissed.

Judge Tafoya offers a detailed explanation of the mechanics of the Racketeer Influenced and Corrupt Organizations Act ("RICO") and how certain predicate offenses including mail fraud can trigger liability under that statute. [ECF No. 28 at 6-7.] The specific elements of mail fraud and the pleading requirements associated with those elements are the key issues here. "To establish the predicate act of mail fraud, [the plaintiff] must allege (1) the existence of a scheme or artifice to defraud or obtain money or property by false pretenses, representations or promises, and (2) use of the United States mails for the purpose of executing the scheme." *Tal v. Hogan*, 453 F.3d 1244, 1263 (10th Cir. 2006) (quotation marks omitted). Federal Rule of Civil Procedure 9(b) imposes heightened pleading requirements on claims of mail fraud. "[A] complaint alleging fraud must set forth the time, place and contents of the false representation, the identity of the party making the false statements and the consequences thereof." *Id.* at 1263 (quotation marks and alteration omitted). "A plaintiff asserting fraud must also identify the purpose of the mailing within the defendant's fraudulent scheme." *Id.* (quotation marks omitted).

Mr. Chase has not pleaded the elements of mail fraud with particularity. The extent of his mail fraud allegations are that "[i]n February 2013, Defendant Bank of America and Defendant Marie Barclay, essentially clouded the title by using the U.S. Mail to commit fraud, by stating the original note for the second mortgage was sent to Plaintiff" to "clear[] the way to make the foreclosure sale on the property more attractive for investors." [ECF No. 4, ¶ 30.] Mr. Chase fails to include specific facts or allegations "regarding the exact time, place, and content of the alleged fraud. Plaintiff has not alleged what documents or communications were sent, how they were sent, to whom they were sent, the contents of the documents or communications, or how the documents or communications were fraudulent." [ECF No. 28 at 8.] In short, there is

no indication that Bank of America or Ms. Barclay did anything fraudulent or that they were attempting to further any sort of scheme.  This sort of general accusation falls far short of the requirements of Rule 9(b).  *See, e.g.*, *Kashelkar v. Rubin & Rothman*, 97 F. Supp. 2d 383, 393 (S.D.N.Y. 2000) (noting that Rule 9 requirements in mail fraud cases require the plaintiff to "(1) identify the purpose of the mailing within the Defendant's fraudulent scheme and (2) allege facts that give rise to a strong inference of fraudulent intent").

### c.  <u>Ms. Barclay's Motion to Dismiss is Premature.</u>

Finally, I agree with Judge Tafoya that Ms. Barclay's motions to dismiss for insufficient process and lack of personal jurisdiction are premature.  Ms. Barclay may, of course, refile her motions in light of the dismissal of Mr. Chase's mail fraud claims and the substitution of the Trustee as plaintiff.

### IV.  <u>Conclusion</u>

Mr. and Mrs. Chase have endured serious financial hardship over the last several years; that much is clear from the pleadings.  But the law and the facts point to one outcome in this case.  Mr. Chase's claims related to the foreclosure, whether they are meritorious or not, are the property of the bankruptcy estate.  And his claims of mail fraud occurring in 2013 are so devoid of a factual basis that they do not suggest a plausible legal claim and must be dismissed.  The Court wishes the Chases the best as they rebuild after these setbacks.

Therefore the Report and Recommendation is ADOPTED.  Mr. Chase's claims of mail fraud are DISMISSED without prejudice.  The Motion to Substitute [ECF No. 31] is GRANTED, and Mr. Chase is DISMISSED from the case.  The Court will hold in abeyance the Castle Defendants' motion to dismiss [ECF No. 15] until the Trustee has had time to respond to

the motion—she has 21 days to file her response.  Ms. Barclay's motion to dismiss [ECF No. 18]

is DENIED without prejudice.

DATED this 6th day of May, 2014.

BY THE COURT:

_____

R. Brooke Jackson
United States District Judge